IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**KENNETH FINK**                                                                                        **PLAINTIFF**
**#42527**

V.                                   NO. 3:23-cv-00249-LPR-ERE

**POINSETT COUNTY JAIL**                                                              **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

*Pro se* plaintiff Kenneth Fink, an inmate at the Poinsett County Detention Center ("Detention Center"), filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Fink's original complaint alleges that: (1) an unidentified nurse is not providing medical care; (2) the cells are unsanitary and crowded; (3) unidentified Detention Center staff are not taking inmates to their court appearances; and (4)

unidentified Detention Center staff failed to provide him adequate medical care for chest pain. Although Mr. Fink complains of conduct by an unnamed nurse and Detention Center staff, referred to as "they," he names the Detention Center as the only Defendant.

On January 5, 2024, the Court entered an Order explaining to Mr. Fink that: (1) his complaint failed to identify and name as a Defendant the persons who violated his constitutional rights; and (2) the Detention Center is not a legal entity or party that can be sued under § 1983. *Doc. 8*. The Court gave Mr. Fink an opportunity to file an amended complaint correcting these pleading deficiencies and warned him that the failure to do so would likely result in dismissal of this case. *Id.* at 8.

To date, Mr. Fink has not filed an amended complaint, and the time to do so has passed. The Court will therefore screen Mr. Fink's original complaint, as required by 28 U.S.C. § 1915A.

### III.  **Discussion**:

####   A.    **Screening**

Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or

(c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

### B.  Failure to Identify or Name a Suable Defendant

Section 1983 provides a cause of action against a "person," who acting under color of state law, causes the deprivation of a federal right. 42 U.S.C. § 1983. Among the persons amenable to suit under § 1983 are state and local officials sued in their personal or individual capacities, *Hafer v. Melo*, 502 U.S. 21, 23 (1991); municipal entities, *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 701 (1978); and municipal officials sued in an official capacity.[1] *Id*., 436 U.S. at 691, n.55 (noting that "official-capacity suits generally represent only another way of pleading an

---

[1] On his complaint form, Mr. Fink indicates that he sues any named defendant in his or her official capacity only. Mr. Fink fails to identify as a defendant a specific Detention Center staff member, but if he had, his claim would be treated as one against the staff member's employer, Poinsett County. *Brewington v. Keener,* 902 F.3d 796, 800 (8th Cir. 2018). Poinsett County cannot be held vicariously liable, in a § 1983 action, for the acts of its employees. *Id.* at 800-01 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978)). Instead, it can only be held liable if its policies, customs, and practices caused Mr. Fink's injury. *Brewington,* 902 F.3d at 801-02; *Corwin v. City of Independence, Missouri,* 829 F.3d 695, 699-700 (8th Cir. 2016).

Mr. Fink does not allege that a Poinsett County policy, practice, or custom caused his injury. As a result, even if he had identified a specific Poinsett County employee, his complaint fails to plead a plausible official-capacity claim and is subject to dismissal for that additional reason.

action against an entity of which an officer is an agent"). However, it is well established that jails and detention centers do not qualify as persons amenable to suit under § 1983. *Day v. Minnehaha County*, 632 Fed. Appx. 305 (8th Cir. 2016) (per curiam) (citing *Owens v. Scott County Jail*, 328 F.3d 1026, 1026 (8th Cir. 2003) ("county jails are not legal entities amendable to suit")).

Mr. Fink names the Detention Center as the sole Defendant, and though given the opportunity, he fails to identify or name as a Defendant a single individual who he claims violated his constitutional rights. Accordingly, Mr. Fink fails to state a claim, and this action should be dismissed without prejudice. *De La Garza v. Kandiyohi Cnty. Jail,* 18 Fed. Appx. 436, 437 (8th Cir. 2001).

C. **Medical Deliberate Indifference**

Even if Mr. Fink named a Defendant subject to suit under § 1983, he fails to allege a plausible Eighth Amendment[2] claim for medical deliberate indifference. To do so, Mr. Fink must allege facts showing: (1) he had "objectively serious medical needs"; and (2) each Defendant "actually knew of but deliberately disregarded those needs." *Hamner v. Burls,* 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).

---

[2] In his complaint, Mr. Fink checks the box indicating that he is "serving a sentence as a result of a judgment of conviction." *Doc. 2 at 3*.

Mr. Fink alleges no facts suggesting that any individual Defendant: (1) was aware of his need for medical treatment; or (2) did or failed to do something that denied him constitutionally adequate medical care. As a result, Mr. Fink's proposed medical deliberate indifference claim, as described in his original complaint, cannot survive screening.

### D.     Conditions of Confinement

Mr. Fink's complaint alleges that the Detention Center cells are unsanitary and overcrowded.

To move forward with a claim based on the conditions of his confinement, Mr. Fink must allege facts which, taken as true, support a reasonable inference that he suffered a serious deprivation of "the minimal civilized measure of life's necessities" and the "offending conduct [was] wanton." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz*, 382, F.3d 870, 875 (8th Cir. 2004) (citations and quotation marks omitted).

Mr. Fink's current complaint fails to allege facts to support both objective and subjective elements of this claim. As a result, he has failed to state a plausible unconstitutional conditions of confinement claim.

### E. Claims on Behalf of Other Inmates

Finally, Mr. Fink makes factual allegations suggesting an effort to assert claims on behalf of other inmates. He explains that "they don't take people to court dates." *Doc. 2 at 4*. However, Mr. Fink "cannot bring claims on behalf of other prisoners." *Martin v. Sargent*, 780 F.3d 1334, 1337 (8th Cir. 1985).

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Fink's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

Dated 12 February 2024.

_____
UNITED STATES MAGISTRATE JUDGE